IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 13, 2000

## STATE OF TENNESSEE v. MICHAEL COLVIN

**Appeal as of Right from the Criminal Court for Johnson County**
**No. 2471     Lynn Brown, Judge**

---

**No. E2000-00701-CCA-R3-CD**
**April 30, 2001**

---

DAVID G. HAYES, J., dissenting.

I am unable to join with my colleagues in holding that a trial judge may not modify a misdemeanant's "program eligibility" percentage following revocation of the misdemeanant's suspended sentence. Our sentencing laws provide that "in imposing a misdemeanor sentence, the court shall fix a specific number of months, days or hours and the defendant shall be responsible for the entire sentence . . .," subject to various authorized sentencing credits. Tenn. Code Ann. § 40-35-302(b). The program eligibility percentage, as provided by subsection 302(d), has no bearing upon the misdemeanant's length of sentence or when the sentence expires; rather, as noted above, every non-suspended misdemeanor sentence is served at one hundred percent. Moreover, as observed by the majority, program eligibility percentage is distinguished from probation, which is authorized in subsection 302(e). Program eligibility, which is viewed under our sentencing law as a rehabilitative measure, relates only to placement in "rehabilitative programs" for service of the sentence as imposed. The fixing of a percentage for program eligibility, as with probation, must be determined at sentencing. Tenn. Code Ann. § 40-35-302(d).

The majority reasons that because our law requires reinstatement of the original judgment following revocation, the Appellant's original program eligibility of thirty percent must also be reinstated. I respectfully disagree. Again, program eligibility is unrelated to the sentence length, being expressly enacted as a rehabilitative measure, similar in purpose to probation. By analogy, the probationer whose suspended sentence is revoked is not entitled to reinstatement of the original judgment, *i.e.*, probation. Similarly, a defendant serving a felony sentence of two years or less whose sentence is revoked is not eligible for release after reaching his original release eligibility date but, rather, must serve the entire sentence originally imposed. Tenn. Code Ann. § 40-35-501(a)(7). In sum, I find no provision in our sentencing law which requires that the trial court afford to a defendant, whose sentence is revoked, the same sentencing considerations as originally received.

The Appellant in this case appears to have violated virtually every imposed condition of probation. If the trial court at sentencing had expressed no eligibility percentage then, under the majority's holding, the Appellant would be immediately eligible for all available rehabilitative programs in the Johnson County Jail. I do not believe that it was the intent of our legislature in enacting Tenn. Code Ann. § 40-35-302(d) to provide rehabilitative program credits to probation violators who do not wish to be rehabilitated. The decision as to what percentage of a sentence must be served prior to being eligible for rehabilitative programs following a probation revocation should be left to the discretion of the trial court under the facts of the case.

For the reasons, I would affirm the judgment of the trial court.

_____
DAVID G. HAYES, JUDGE